IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          Case No. 12-10051-01 JTM

LATA L. TOMLINSON,

Defendant.

MEMORANDUM AND ORDER

The following matter comes to the court on the defendant's oral Motion for Judgment of

Acquittal and memorandum in support (Dkt. 51). Having considered the briefs and the evidence

submitted with them, the court denies the defendant's motion.

## I.      Factual Background

The defendant, Lata L. Tomlinson, was charged with nineteen counts of willfully aiding

and assisting in preparing and presenting false and fraudulent U.S. Individual Income Tax

Returns to the Internal Revenue Service in violation of 26 U.S.C. § 7206(2). At the close of

evidence on April 22, 2013, the defendant orally moved for judgment of acquittal under Fed. R.

Crim. P. 29. The court took the motion under consideration and asked the parties to submit briefs

on the issue. On April 24, 2013, the jury returned a verdict of guilty on all counts.

## II.     Legal Standard

When deciding a Rule 29 motion for judgment of acquittal, the court reviews the

sufficiency of the evidence to support the jury's verdict *de novo*. *United States v. McKissick*, 204

F.3d 1282, 1289 (10th Cir. 2000) (citing *United States v. Hanzlicek*, 187 F.3d 1228, 1239 (10th

Cir. 1999)). The court "ask[s] only whether taking the evidence—both direct and circumstantial,

together with the reasonable inferences to be drawn therefrom—in the light most favorable to the

government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id*. (quotation marks and citations omitted). In assessing a motion for acquittal, the court does not weigh conflicting evidence or consider the credibility of witnesses. *United States v. Caraway*, 516 F. Supp. 2d 1219, 1221 (D. Kan. July 9, 2007). If the government's proof satisfies this standard, the court must defer to the jury's verdict. *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005).

Finding that the government's proof satisfies this standard, the court denies the defendant's Motion for Judgment of Acquittal.

### III. Analysis

The evidence, considered in the light most favorable to the government, was sufficient to support the jury's verdict. The court instructed the jury, without objection, that a guilty verdict requires finding that the defendant (1) aided or assisted in the preparation and presentation of U.S. Individual Income Tax Returns, forms 1040; (2) these U.S. Individual Income Tax Returns, forms 1040, falsely stated that the taxpayers were entitled to claim deductions and income the defendant knew the taxpayers were not entitled to claim; (3) the defendant knew the statements in the U.S. Individual Income Tax Returns, forms 1040, were false; (4) the defendant acted willfully; and (5) the false statements were material. Dkt. 45; *see also* TENTH CIRCUIT PATTERN JURY INSTRUCTIONS, CRIMINAL § 2.94 (2011).

The fourth element, willfulness, requires the government to prove that the defendant voluntarily and intentionally violated a known legal duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991). Evidence of the defendant's knowledge of relevant provisions of the Internal Revenue Code or any content of the personal income tax return forms indicating that she was under a duty to file truthful returns may be used to prove the existence of a known legal duty. *See*

*id.* at 202. Further, the jury was free to consider the defendant's education and experience when determining whether she had knowledge of a legal duty. *See United States v. Guidry*, 199 F.3d 1150, 1157–58 (10th Cir. 1999).

The defendant argues that the government failed to prove the first and fourth elements of the crime. Regarding the first element, the defendant argues the government failed to prove that she prepared the false tax returns. The defendant asserts that only two of the witnesses testified that they knew she had prepared their taxes, while the other witnesses merely testified that they had dropped off their materials at her office. Further, the defendant argues that the eye-witness testimony implicating her as the preparer of the returns should be disregarded, and that without that testimony there is no evidence proving she prepared the returns. In arguing that the court should disregard these witnesses' statements, the defendant asks the court to assess witness credibility, which is improper at this stage. *See United States v. Caraway*, 516 F. Supp. 2d 1219, 1221 (D. Kan. July 9, 2007).

Wholly apart from direct witness testimony that the defendant prepared the returns, the remaining evidence, when viewed in the light most favorable to the government, adequately supports the verdict. Each return was signed by the defendant and bore her name, address, phone number, and unique preparer tax identification number ("PTIN"). While the defendant argues that the PTIN is merely evidence of presentation, not preparation, of the tax returns, this argument disregards what the "P" in PTIN stands for: preparer. And no evidence suggested that she mistakenly affixed her signature or PTIN or that they were forgeries. The defendant did not bear the burden of proof at trial; however, once her signature and PTIN were identified at trial as proof of preparation, the lack of contrary evidence underscored its significance. While the defendant's counsel argued these indicia of preparation were not conclusive, argument and

suggestion are not evidence, as the jury understood. Several witnesses testified that they left their returns with the defendant and that she was the only person who communicated with them regarding their returns. While this is not "smoking gun" direct evidence, it is surely proper circumstantial evidence of the defendant's guilt that a jury may rely upon. *See United States v. Summers*, 414 F.3d 1287, 1295 (10th Cir. 2005). Viewing all of the evidence in the light most favorable to the government, the court finds that a reasonable jury could find beyond a reasonable doubt that the defendant prepared the returns.

As for the fourth element, willfulness, the defendant argues that (1) she was under no legal duty to prepare and present the returns truthfully and (2) even if she was under a legal duty, she did not prepare and present the false returns intentionally. The defendant's first argument focuses primarily on the applicability of a Treasury Department regulation commonly referred to as Circular 230, which contains duties and restrictions relating to practice before the IRS. *Loving v. I.R.S.*, No. 12–385, 2013 WL 204667, at *3 (D.D.C. Jan. 18, 2013). These regulations are published in the Code of Federal Regulations, Title 31, part 10 and reprinted under the name "Treasury Department Circular No. 230." *Id.* Before 2011, Circular 230 applied only to attorneys, CPAs, and other specified tax professionals (collectively, "practitioners"). *Id.* The defendant argues that Circular 230 did not apply to her when she prepared the false returns from 2008 through 2009 because at that time she was simply a return preparer and not a practitioner. Therefore, the defendant argues, according to IRS rules and regulations, she was under no legal duty to aid in the preparation and presentation to the IRS of tax returns that were not false as to any material matter.

The court finds this argument utterly unpersuasive. Circular 230 is a regulation that establishes duties for practitioners in addition to, and not in place of, duties already existing

under the law (e.g., practitioners must register with the Secretary of the Treasury, pay a fee, and pass a qualifying exam). *See id.* In other words, Circular 230 is not the sole basis for the legal duty willfully breached by the defendant. The plain language of 26 U.S.C. § 7206, under which the defendant was convicted, establishes a duty for "any person" to abide by its provisions. According to the defendant's argument, tax return preparers not subject to regulation under Circular 230 would have no legal duty to abide by the provisions of § 7206.[1] This interpretation would effectively change "any person" in § 7206 to "any person subject to Circular 230." Moreover, the declaration on each form 1040 signed by the defendant establishes the existence of a legal duty. *See Cheek*, 498 U.S. at 202. Therefore, as a matter of law, when the defendant aided in the preparation and presentation of the returns, she was under a legal duty to do so in accordance with the provisions of § 7206(2).

The court also finds unpersuasive the defendant's argument that she did not intentionally prepare and present the false returns. The evidence sufficiently established that the defendant had knowledge of her legal duty and acted intentionally to violate it. First, the defendant had extensive education and experience pertinent to tax preparation. *See United States v. Guidry*, 199 F.3d 1150, 1157–58 (10th Cir. 1999) (holding the jury can consider education and experience to support a finding of willfulness). She had a bachelor's degree in accounting from Wichita State University and a master's degree in business from Baker University. Before starting her own tax preparation business in 2006, she worked for both H&R Block and Compro Tax as a tax preparer. Second, each form 1040 bore the defendant's name, address, phone number, PTIN, and signature. As mentioned above, no evidence suggested that the defendant accidentally signed the returns or that her PTIN was used without her permission. Viewing this evidence in the light

---

[1] According to the defendant, this would have included approximately 600,000 to 700,000 tax return preparers with no legal duty to file non-fraudulent tax returns under the old version of Circular 230. Dkt. 51 at 5.

most favorable to the government, a reasonable jury could find beyond a reasonable doubt that the defendant had knowledge of her legal duty and acted intentionally to violate it.

## IV.     Conclusion

The court finds that all of the evidence, taken together and viewed in the light most favorable to the government, was sufficient for a reasonable jury to find the essential elements of the crime for which the defendant was charged beyond a reasonable doubt.

IT IS THEREFORE ORDERED this 12th day of June, 2013 that the defendant's Motion for Judgment of Acquittal is denied.

s/  J. Thomas Marten_____
J. Thomas Marten, U.S. District Court